UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                        Case No. 18-20323

Meltwaine Dukes,              Sean F. Cox
                                                 United States District Court Judge

    Defendant.

_____/

## OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
(ECF No. 364)

After years of distributing cocaine, heroin, and fentanyl by the kilogram, Defendant Meltwaine Dukes pleaded guilty to conspiracy to distribute controlled substances and launder money. At sentencing, his Guidelines Range was 188 to 235 months' imprisonment. The Court sentenced him to 70 months. As of today, he has served four-and-a-half months.

On June 23, 2020, Dukes filed a motion for compassionate release, citing his medical conditions and the ongoing novel coronavirus pandemic ("COVID-19"). The Government opposes any modification to Dukes's sentence.

Because a four-and-a-half-month custodial sentence for Dukes's offenses would be insufficient to comply with the purposes set forth in 18 U.S.C. § 3553(a), the Court will deny this motion.

## BACKGROUND

On January 25, 2019, Defendant Meltwaine Dukes pleaded guilty to one count of conspiracy to distribute controlled substances, in violation of 18 U.S.C. § 846, and one count of

1

conspiracy to launder monetary instruments, in violation of 18 § 1956(h). (ECF No. 198). Dukes's Rule 11 Plea Agreement contemplated a Guidelines Range of 188 to 235 months. Because of Dukes's various medical conditions, his sentencing was rescheduled six times. On October 30, 2019, the Court imposed a below-Guidelines sentence of 70 months on both counts, to be served concurrently to each other. (ECF No. 307). After sentencing, Dukes (who had been on bond throughout his court proceedings) was granted several extensions of his report date to prison due to an extended stay in the hospital. Dukes reported to the Bureau of Prisons ("BOP") on March 10, 2020. According to the BOP's website, Dukes is expected to be released on February 27, 2025.

On June 23, 2020, Dukes filed the now-pending motion for compassionate release. (ECF No. 364). Dukes argues that his release is appropriate because his underlying medical conditions (including Chron's disease, a "life-threatening pulmonary embolism," and hypertension) place him at a higher risk for developing severe symptoms if he is infected with COVID-19.

On June 29, 2020, the Government filed a response, opposing Dukes's motion. (ECF No. 366). While conceding that Dukes's medical conditions constitute "extraordinary and compelling reasons" for a compassionate release, the Government asks the Court to deny this motion because he is a danger to the community and the 18 U.S.C. § 3553(a) factors do not favor release.

On July 24, 2020, the Court held a hearing on this motion using Zoom videoconference technology.

## ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." In addition to this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a)

and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Dukes's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." The category of "Other Reasons" requires the BOP to determine that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances under this fourth category. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).

"In all, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted).

The Government concedes that Dukes's serious medical issues satisfy the criteria outlined in the "Medical Condition of the Defendant" of Section 1B1.13, and establish "extraordinary and compelling reasons." (ECF No. 366, PageID 2737). However, the Government argues that Dukes is a danger to the community and that the § 3553(a) factors do not favor compassionate release.

The Court's analysis of this motion begins and ends with the § 3553(a) factors. § 3553(a) requires a criminal sentence to be "sufficient, but not greater than necessary" to comply with "the need for the sentence imposed" to serve certain purposes:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

At sentencing, Dukes's Guidelines Range was 188 to 235 months' imprisonment. The Court imposed a below-Guidelines sentence of 70 months. As of now, Dukes has served four-and-a-half months of his sentence. So the relevant issue is whether a four-and-a-half-month sentence (with or without an additional period of supervised release) would comply with the § 3553(a) factors. In other words, would a four-and-a-half-month sentence reflect the seriousness of Dukes's crimes, which involved kilograms of cocaine, heroin, and fentanyl, and millions of dollars in drug proceeds? Would a four-and-a-half-month sentence promote respect for the law? Would a four-and-a-half-month sentence provide just punishment or adequate deterrence?

The answer to all these questions is "no." After considering the § 3553(a) factors, the Court imposed a sentence of 70 months, which was substantially lower than the applicable Guidelines Range. Even considering Dukes's medical conditions and the circumstances of COVID-19, the Court concludes that allowing Dukes to serve only a small fraction of his sentence would not be sufficient to comply with the purposes set forth in § 3553(a).

## CONCLUSION

For the reasons above, the Court **DENIES** Dukes's motion for compassionate release. (ECF No. 364).

**IT IS SO ORDERED**.

<u>s/Sean F. Cox</u>
Sean F. Cox
United States District Judge

Dated: July 27, 2020