UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No. 18-20323

MELTWAINE DUKES,          Sean F. Cox
                                                United States District Court Judge

    Defendant.
_____/

## OPINION AND ORDER
## DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE

After years of distributing cocaine, heroin, and fentanyl by the kilogram, Defendant Meltwaine Dukes ("Defendant") pleaded guilty to conspiracy to distribute controlled substances and launder money. At sentencing, his Guidelines Range was 188 to 235 months' imprisonment. This Court gave Defendant a significant break and sentenced him to 70 months.

On June 23, 2020, less than six months into his sentence, Defendant filed a motion for compassionate release, citing his medical conditions and the ongoing novel coronavirus pandemic ("COVID-19"). This Court denied that motion.

The matter is back before the Court on Defendant's second Motion for Compassionate Release and related filings. The Court concludes that a hearing is not warranted and orders that the motion will be decided without a hearing. As explained below, the Court shall DENY the motion because this Court continues to believe that Defendant is not an appropriate candidate for compassionate release.

**BACKGROUND**

On January 25, 2019, Defendant pleaded guilty to one count of conspiracy to distribute controlled substances, in violation of 18 U.S.C. § 846, and one count of conspiracy to launder monetary instruments, in violation of 18 § 1956(h).  (ECF No. 198).  Defendant's Rule 11 Plea Agreement contemplated a Guidelines Range of 188 to 235 months. Because of Defendant's various medical conditions, his sentencing was rescheduled six times. On October 30, 2019, the Court imposed a below-Guidelines sentence of 70 months on both counts, to be served concurrently to each other.  (ECF No. 307).

After sentencing, Defendant (who had been on bond throughout his court proceedings) was granted several extensions of his report date to prison due to an extended stay in the hospital.  Defendant reported to the Bureau of Prisons ("BOP") on March 10, 2020.  According to the BOP's website, Defendant is expected to be released on February 27, 2025.

On June 23, 2020, Defendant filed a motion seeking compassionate release, arguing that his release is appropriate because his underlying medical conditions (including Chron's disease, a "life-threatening pulmonary embolism," and hypertension) place him at a higher risk for developing severe symptoms if he is infected with COVID-19.  The Government opposed the motion on the merits.  This Court denied the motion in an Opinion and Order issued on July 27, 2020.

On June 27, 2022, Defendant filed another Motion For Compassionate Release, again citing his medical conditions and the ongoing novel coronavirus pandemic ("COVID-19").  (ECF No. 475).  Thereafter, he also filed other submissions in support of his motion.  (*See* ECF Nos. 478, 479 & 481).  Defendant notes that in addition to his medical conditions that existed at

the time he filed this last motion (eg., Chron's Disease, and hypertension), Defendant has recently been diagnosed with prostate cancer.

The Government continues to oppose Defendant's request for compassionate release on the merits. It stresses that this Court already denied Defendant's first motion and that, since that time, Defendant has been fully vaccinated, and boosted. The Government also contends that this second motion should be denied based upon a consideration of § 3553(a) factors in any event.

Defendant filed a timely reply brief that was received by the Court on October 4, 2022.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). As summarized by the Sixth Circuit in *United States v. McKinnie,* 24 F.4th 583, 2022 WL 221539 at *2 (6th Cir. 2022):

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id*. at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

Here, Defendant continues to argue that his request for compassionate release should be granted because the ongoing pandemic, combined with his various medical conditions (eg., Chron's Disease, hypertension, kidney disease, and now prostate cancer), constitutes extraordinary and compelling circumstances.

Notably, Defendant has been fully vaccinated and boosted. The Court recognizes that Defendant suffers from some serious medical issues. But the medical records before the Court indicate that the BOP is providing Defendant with the necessary medical treatment for those conditions. And the majority of Defendant's health conditions *are not new developments*; these facts were before this Court at the time of Defendant's sentencing. "[F]acts that existed at the time of sentencing do not constitute an extraordinary and compelling reason warranting a subsequent sentence reduction." *McKinnie, supra*, at *3.

Moreover, even if Defendant could establish that those medical conditions, standing alone or combined with the pandemic, constitute extraordinary and compelling reasons, this Court continues to believe that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offenses weigh strongly against his release. Defendant's conviction in this case stemmed from his role in a large-scale – and years long – drug trafficking operation. After years of distributing cocaine, heroin, and fentanyl by the kilogram, Defendant pleaded guilty to conspiracy to distribute controlled substances and launder money. This is an extremely serious offense – as reflected in the guidelines range that Defendant faced when this Court sentenced him. At sentencing, Defendant's Guidelines Range was 188 to 235 months' imprisonment. This Court gave Defendant a *significant break* and sentenced him to just 70 months.

This Court does not believe that releasing Defendant early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant.

In sum, this Court continues to conclude that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's second Motion for Compassionate Release (ECF No. 475) is **DENIED.**

**IT IS SO ORDERED.**

                                       s/Sean F. Cox
                                       Sean F. Cox
                                       United States District Judge

Dated: October 11, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or the parties of record on October 11, 2022, by electronic and/or ordinary mail.

                                       s/J. McCoy
                                       Case Manager